UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER McCASTON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. 4:12CV1720 (JCH) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Movant Christopher McCaston's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (ECF No. 1). The Motion has been fully briefed and is ready for disposition.

On October 19, 2011, McCaston pled guilty to Counts One and Three of a five-count indictment. (Guilty Plea, Case. No. 11-cr-208, ECF No. 32, at 1). Count One charged possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). *Id.* at 3. Count Three charged possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). *Id.* McCaston was sentenced to a 46-month term of imprisonment on Count One and a 60-month term on Count Three. (Government Response, ECF No. 7, at 3; Petition at 1). Those sentences were run consecutively to each other for a total term of 106 months. *Id.*

McCaston now challenges his conviction and sentence under 28 U.S.C. § 2255.

## § 2255 STANDARD

Under § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). A reviewing court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255(b)).

## **DISCUSSION**

McCaston raises four grounds for relief in his Motion: (1) that his trial counsel was ineffective in failing to move for dismissal of McCaston's case on the theory that the Government's only evidence was hearsay; (2) that his guilty plea lacked a factual basis; (3) that he improperly was denied credit against his sentence for time spent in federal custody; and (4) that his sentence was not run concurrently with a state sentence he received based on the same incident. (Motion at 4, 5, 7, 8).

   A. *Ground One*

Ground One is an ineffective assistance of counsel claim. (Petition at 4). According to both McCaston and the stipulation of facts in the Plea Agreement, St. Louis Metropolitan Police pulled over a red Nissan on February 20, 2010. (McCaston Reply, ECF No. 13, at 2; Plea Agreement at 4). McCaston was sitting in the passenger seat, and the owner of the car, Ms. Jasmine Kruczynski, was sitting in the driver's seat. (McCaston Reply at 2). Upon searching the car, the officers discovered a .38 caliber revolver in the glove compartment. *Id.* The officers then discovered cocaine base hidden in Ms. Kruczynski's pants when they searched her at the police station. *Id.* Ms. Kruczynski stated that the drugs and gun belonged to McCaston. *Id.* at 2-3.

McCaston contends here that Ms. Kruczynski's statement made up the whole of the Government's case against him and that the statement was hearsay. (Petition at 4). He maintains

2

that his trial counsel was ineffective for failing to file a motion to have the case dismissed on that basis. *Id.* The Government responds that there was no procedural mechanism for McCaston's attorney to have the case dismissed for lack of evidence, and, even if there were, the underlying argument is baseless because Ms. Kruczynski's first-hand account of the events is not hearsay. (Government Response at 4-6). McCaston's attorney, according to the Government, therefore could not have been ineffective in failing to challenge the indictment for lack of evidence. *Id.*

In order to prevail on an ineffective assistance of counsel claim, a claimant must show that his attorney's performance was "deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate counsel's deficiency, the claimant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. To demonstrate prejudice, the claimant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The Government's argument is correct under this standard. McCaston was indicted by a federal grand jury, and it is well established that a grand jury indictment cannot be challenged based on the sufficiency of the evidence presented. *United States v. Nelson*, 165 F.3d 1180, 1182 (8th Cir. 1999) ("It has long been settled that an indictment is not open to challenge on the ground that there was inadequate or insufficient evidence before the grand jury."). McCaston's attorney therefore could not have performed deficiently or prejudiced McCaston in failing to raise such a challenge, and Ground One does not present a basis for relief.

B.  *Ground Two*

In Ground Two, McCaston claims that his "guilty plea lacked a factual basis" and is therefore invalid. (Petition at 5). He maintains that "[n]either the 'evidence' nor the 'plea

3

allocation' showed a connection between [him], the firearm that was found in the glove compartment, and the drugs that was [sic] found on 'Jasmine Kruczynski,' who's [sic] car [he] was riding in as a passenger . . . ." *Id.* The Government responds that McCaston both admitted to the underlying facts in the Plea Agreement and stated under oath that he was guilty of the crimes charged. (Government Response at 7-8).

Even beyond the circumstances noted by the Government and the fact that McCaston waived his rights to all post-conviction relief except on the basis of ineffective assistance of counsel or prosecutorial misconduct, (Plea Agreement at 9-10), McCaston's position is impossible to square with the facts he describes in his Reply. As detailed above, McCaston states that police officers found a gun in the glove compartment of a car in which he was a passenger and then found drugs on the person of his companion, Ms. Kruczynski. (McCaston Reply at 2). McCaston also admitted that Ms. Kruczynski told police that the drugs and gun belonged to him. *Id.* at 2-3. McCaston has therefore admitted in the briefing of this motion that there was a factual basis for his plea. That the events admitted by McCaston may be susceptible to differing interpretations does not mean that no factual basis for his plea existed. Ground Two must be denied.

### C. *Grounds Three and Four*

In Ground Three, McCaston contends that, after state charges were brought against him based on the same activity underlying his federal charges, he was improperly placed in state rather than federal custody. (Petition at 7). The significance of this placement, according to McCaston, was that he did not receive sufficient credit against his federal sentence for time he spent in custody. *Id.* In Ground Four, McCaston claims that his state court plea agreement was

not "respected" in his federal case because his federal sentence was run consecutively, rather than concurrently, with his state sentence. (*Id.* at 8; Reply at 16).

The Government responds that both of these grounds should be dismissed for procedural reasons. Specifically, the Government contends that McCaston does not contest the imposition of his sentence, but only its execution. (Government Response at 8-10). Therefore, the proper avenue for relief if the claims have any merit, which the Government also disputes, is 28 U.S.C. § 2241 rather than § 2255. *Id.* at 8.

The Government's contention is correct in relation to both grounds for relief. Challenges to the computation of credit for time served have been held to be challenges to the execution of a sentence rather than its validity. *Bell v. United States*, 48 F.3d 1042, 1043 (8th Cir. 1995). These claims therefore are not cognizable under § 2255. *Id.* They must instead be brought under § 2241. *Id.* Section 2241 petitions must be brought in the district of a prisoner's present custody. *United States v. Hutchings*, 835 F.2d 185, 187 (8th Cir. 1987). Since McCaston is no longer in custody in this district, the Court does not have jurisdiction to construe McCaston's petition as a § 2241 petition. Thus, Ground Three must be dismissed without prejudice. *See id.* (modifying district court's order and finding that § 2241 petition over which court had no jurisdiction should be dismissed without prejudice).

Ground Four also appears to be a challenge to the execution of McCaston's sentence, although the conclusion is less certain. In *Elwell v. Fisher*, 716 F.3d 477 (8th Cir. 2013), the Eighth Circuit explained two ways in which a federal sentence can run concurrently with a state sentence. The first is that a sentencing court can order the sentences to run concurrently. *Id.* at 482-84. It would have to do this explicitly when the sentences are imposed at different times, since a sentencing court's silence in such a situation results under 18 U.S.C. § 3584(a) in

consecutive sentences. The Eighth Circuit noted that it may be unclear in particular situations whether a challenge to such a determination would be considered a challenge to the sentencing court's imposition of the sentence or to the Bureau of Prisons's ("BOP") discretionary authority under 18 U.S.C. § 3621. *Id.* at 484. It decided the issue in *Elwell* in the context of a § 2241 petition. The second way in which a federal sentence can run concurrently to a state sentence is that the BOP can, in its discretion, designate a state facility "as the site for a defendant convicted of a federal offense to serve his federal sentence." *Id.* at 486. The *Elwell* court found that a challenge to this determination is effectively the same as a challenge to a determination under § 3584(a). *Id.* It made that finding in the context of the same § 2241 petition.

Neither party has presented much relevant detail regarding McCaston's claim that his federal and state sentences improperly were run concurrently, and it is therefore difficult to determine whether McCaston is attacking the action of the sentencing court or the BOP. Nonetheless, the Eighth Circuit's decision in *Elwell* seems to indicate that McCaston's challenge should have been brought under § 2241. Since the Court would have no jurisdiction over a petition brought by McCaston under § 2241, Ground Four must be dismissed without prejudice.[1]

Accordingly,

**IT IS HEREBY ORDERED** that movant Christopher McCaston's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.§ 2255, (ECF No. 1), is **DENIED.** Grounds One and Two are **DISMISSED WITH PREJUDICE**. Grounds Three and Four are **DISMISSED WITHOUT PREJUDICE**. A separate Order of Dismissal will accompany this Memorandum and Order.

---

[1] Even if Grounds Three and Four were cognizable under § 2255, McCaston waived his right to such claims in his Plea Agreement. (Plea Agreement at 9-10).

**IT IS FURTHER ORDERED** that, because McCaston cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c).

Dated this 15th day of June, 2015.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE